PARKER, Acting Chief Judge,
Dissenting.
I respectfully dissent. Based upon the Florida statutes enacted concerning contraband forfeiture and possession of cigarettes, I do not agree that the cigarette package at issue was contraband subject to seizure and forfeiture.
The State charged B.W. with one count of possession of cocaine after police officers seized a cigarette package containing the cocaine from B.W.’s shirt pocket. B.W. moved to suppress the cocaine, arguing that it was illegally seized. The trial court combined the hearing on B.W.’s motion to suppress with the bench trial.
At trial, Officer Wayne Johnson testified that he saw B.W. and another juvenile standing outside a twenty-four hour Coastal Mart store. Officer Johnson testified that the Coastal Mart had an active trespass warning sign posted in the window, which allegedly stated that noncustomers were not permitted to loiter on store property. Believing that B.W. was loitering, Officer Johnson and his partner approached B.W. and asked for identification. When B.W. retrieved his identification from his back pants’ pocket, he also removed a pack of cigarettes. Officer Johnson asked B.W. his age, and B.W. replied that he was sixteen. Officer Johnson then informed B.W. that he was not old enough to have cigarettes and confiscated the pack of cigarettes.
At approximately the same time, Officer Johnson saw another cigarette package in B.W.’s right front shirt pocket. Although B.W. tried to prevent Officer Johnson from taking that package by putting his hand over his shirt pocket, Officer Johnson reached into B.W.’s shirt pocket and took the second cigarette package which turned out to contain cocaine. Officer Johnson testified that he had the right to take the second cigarette package from B.W. “under the Florida contraband law.” It is clear that if the second cigarette package was lawfully seized, the cocaine should not be suppressed. However, I conclude that the second cigarette package was not lawfully seized.
The majority takes the position that because possession of cigarettes by a child under eighteen is a violation of section 569.11(1), Florida Statutes (1999), the cigarette package in B.W.’s pocket was contraband subject to seizure and forfeiture under section 932.703(l)(a), Florida Statutes (1999).[1] However, section 932.701(2)(a)3., Florida Statutes (1999), which defines contraband articles and replaces any Roman law concepts of contraband, defines tobacco contraband only as articles used or attempted to be used in violation of the laws of the state regulating tobacco. If cigarettes are legally in the state and are sold pursuant to this state’s tobacco sale regulations, such cigarettes are not contraband as defined. Instead, they are a legal product. Because there was no evidence that the cigarette package at issue was either illegally within Florida or was sold in violation of this state’s tobacco regulations, I must assume that the cigarette package was legally within Florida and legally sold. Therefore, as a legal product, the cigarette *1222 package at issue was not contraband subject to forfeiture under section 932.703(l)(a).
Moreover, under section 932.703(6)(a), Florida Statutes (1999), property may not be forfeited under the Florida Contraband Forfeiture Act unless the State establishes that the owner either knew or should have known that the property at issue was being employed or was likely to be employed in criminal activity. However, perhaps unwisely, the legislature has made it only a noncriminal violation punishable by a civil citation and fíne for a child under eighteen to knowingly possess any tobacco product. See § 569.11(1), Fla. Stat. (1999). Therefore, since B.W.’s possession of the cigarette package was not a criminal activity, Officer Johnson had no authority under the Florida Contraband Forfeiture Act to seize the cigarette package from B.W.’s pocket and retain it as forfeited contraband.
The State concedes that section 569.11 and the Florida Contraband Forfeiture Act do not authorize seizure of the cigarette package; however, it argues that it would be illogical for a law enforcement officer to encounter a child in possession of tobacco, write a citation, and walk away. However illogical, I am not ready to toss aside a child’s Fourth Amendment right to be protected from unreasonable seizures when the legislature has not seen fit to make that leap. I therefore dissent.

. Section 932.703(l)(a), Florida Statutes (1999), states in pertinent parL:
Any contraband article, vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act ... may be seized and shall be forfeited subject to the provisions of the Florida Contraband Forfeiture Act.